**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENDA BEATRIZ DOMINGUEZ-
RIVERA; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  18-71888

Agency Nos.  A208-170-348
            A208-170-347

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:  CANBY, GRABER, and MURGUIA, Circuit Judges.

Glenda Beatriz Dominguez-Rivera and her minor daughter, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination because of inconsistencies in Dominguez-Rivera's testimony and an omission in her declaration. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). The explanations petitioners raised to the BIA do not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we lack jurisdiction to consider the contentions petitioners raise for the first time in their opening brief, *see Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (petitioner exhausts "only those issues he raised and argued in his brief before the BIA"). In the absence of credible testimony, in this case, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In their opening brief, petitioners fail to challenge the agency's denial of their CAT claim, thus it is waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issue not raised in an opening brief is waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**